IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, as subrogee of JAMES AND CHARLENE DAUTENHAHN,<br><br>and<br><br>STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of VICTOR AND DEBRA TRUNZO,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL PLUS ELECTRIC, INC.,<br><br>Defendant. | Civil Action No. 13-332-RGA |

MEMORANDUM ORDER

Before the Court are Plaintiffs' Motion *in Limine* 2 and Defendant's Motions *in Limine* 1 and 2. (D.I. 96 at 4–14). Per the Court's request, Defendant submitted a supplemental letter addressing the deposition testimony of the Dautenhahns' neighbor, Richard Neff, and providing the date for when cigarette butts were first found on the property. (D.I. 99). Plaintiffs responded to Defendant's letter on January 21, 2015. (D.I. 102). **IT IS HEREBY ORDERED** that Plaintiffs' Motion *in Limine* 2 and Defendant's Motion *in Limine* 1 are **DENIED**, and Defendant's Motion *in Limine* 2 is **GRANTED**.

A.  **Plaintiffs' Motion *in Limine* 2**

Plaintiffs move to preclude Defendant from making any reference to an improperly disposed of cigarette as a possible cause of the fire. (D.I. 96 at 4). In the Memorandum Order

1

issued on November 25, 2014, I granted Plaintiffs' Motion *in Limine* to exclude the testimony of Defendant's expert, Gregory Paulsen, regarding careless smoking as a possible cause of the fire. (D.I. 84). Mr. Paulsen's expert report does not mention careless smoking as a possible cause of the fire, and he testified at his deposition that he could not say, one way or the other, whether careless smoking was a potential cause of the fire because there was no evidence either way. (D.I. 81, Ex. C at 65:19–66:10). Since then, the Dautenhahns' neighbor, Mr. Neff, has come forward and testified to seeing a man in his mid-twenties, dressed in painter's clothing, talking on his cell phone in front of the Dautenhahn home, thirty to forty-five minutes before the fire. (D.I. 99, Ex. A at 7:16–9:23 & 14:6–16:3).

Mr. Neff's testimony does not appear to be reconcilable with that of the painter, Brian O'Connell, who testified that he was at the Dautenhahn home around 10:30 a.m. on the morning of April 20, 2012, and only stayed for about thirty minutes. (D.I. 96, Ex. 7 at 53:4–54:5). Mr. Neff's testimony is particularly significant because Mr. O'Connell is in his mid-twenties, smokes, and testified to smoking on the Dautenhahns' property every day while working there. (*Id.* at 42:14–43:10).[1] The fire marshal, Harry Miller, testified that had he known one of the painters was a smoker at the time of his investigation, he would have been concerned that his conclusion about the cause of fire may have been incorrect. (*Id.*, Ex. 6 at 137:9–15). Mr. Miller also testified that if someone had been smoking at the house on the day of the fire, then he would have likely deemed the cause of fire undetermined. (*Id.* at 138:22–139:3). In light of Mr. Neff's testimony, the theory of careless smoking cannot be ruled out as a matter of law, and Defendant is not precluded from presenting evidence tending to suggest that careless smoking cannot be

---

[1] Mr. O'Connell testified that he did not smoke at the Dautenhahn home on the day of the fire.

2

ruled out as a possible cause of the fire. My prior Order granting Plaintiffs' Motion *in Limine* to exclude Mr. Paulsen's testimony regarding careless smoking, however, still stands.

### B.   Defendant's Motion *in Limine* 1

Defendant moves to prohibit Plaintiffs' expert, Samuel Sudler, from testifying that Defendant made a loose electrical connection at the time of installation. (D.I. 96 at 7). I have already addressed this issue in the Memorandum Order issued on November 25, 2014, finding that, "Mr. Sudler's opinion need not be that it is more likely than not Royal Plus made a loose connection, nor must Mr. Sudler conclude with a reasonable degree of professional certainty that Royal Plus made a loose connection." (D.I. 84 at 6). Mr. Sudler testified at his deposition that he did not know whether the original connection was loose when it was made, and that he did not know when the connection came loose. (D.I. 96, Ex. 5 at 21:5–17). Therefore, Mr. Sudler may testify to the possible causes of the loose connection, including the possibility that Defendant made a loose electrical connection at the time of installation. To the extent that Mr. Sudler's testimony at trial is inconsistent with his expert report or deposition testimony, that is a proper subject of impeachment.

### C.   Defendant's Motion *in Limine* 2

Defendant moves to permit the fire marshal, Mr. Miller, to testify at trial that he cannot rule out careless smoking as a potential cause of the fire. (D.I. 96 at 8). When Mr. Miller drafted his report, he was unaware that one of the painters, Mr. O'Connell, was a smoker. (*Id.*, Ex. 6 at 137:16–23). Mr. Miller testified at his deposition that if he found out someone was smoking at the house on the day of the fire then his conclusion likely would have been different. (*Id.* at 138:22–139:3). Therefore, in light of Mr. Neff's testimony, Mr. Miller is permitted to testify that he cannot rule out careless smoking as a potential cause of the fire.

For the reasons set forth above, Plaintiffs' Motion *in Limine* 2 and Defendant's Motion *in Limine* 1 are **DENIED**, and Defendant's Motion *in Limine* 2 is **GRANTED**.

Entered this 23rd day of January, 2015.

*Richard G. Andrews*
United States District Judge